<hr />

## CHARLES A. JACOBS *v.* THOMAS BUTLER'S REPRESENTATIVES.

Where a party has settled his account by giving a note, which after an examination of the
account he admits, in the presence of a third person, to be correct, and thereby induces
the third person to take the note, he will not afterwards be permitted to resist the pay-
ment of the note upon the ground that usurious interest had been charged in the account
which was settled by the note.

APPEAL from the District Court of West Feliciana, *Penn*, J.   U. B. Phil-
lips, for plaintiff.   Z. S. *Lyons* and *Collens*, for defendants.   The judg-
ment of the court was pronounced by

SLIDELL, J.   This action is brought upon three notes of the defendant for
$5000 each, payable to the order of and endorsed by *Lambeth* and *Thompson*.

Two of them are dated on the 13th January, 1841, and were payable at sixty and seventy days after date. The other is dated on the 18th February, 1842, and was payable on the 12th January, 1843.

*Lambeth* and *Thompson* had been for many years the factors of *Butler*. *Jacobs* had been a partner *in commendam* of that house from August, 1837, until March, 1840, at which time he retired and settled his account with his partners. The two first mentioned notes with two others, one of $2000 and one of $3000, had been given by the defendant to *Lambeth* and *Thompson*, to cover cash balances. In January, 1842, they, in consideration of money advanced by *Jacobs*, transferred him the four notes. In January, 1843, *Jacobs* applied to the defendant for a settlement. Upon this occasion they met at the counting-house of *Lambeth* and *Thompson*, and *Butler* examined his accounts with that house. The defendant claimed a certain deduction from his account, which after some discussion was conceded by *Lambeth* and *Thompson*. *Butler* then expressed himself satisfied, and in order to accommodate *Jacobs*, who could not get the notes discounted in bank as they were past due, gave him for the two notes of $2000 and $3000 a new note of $5000, dated 12th January, 1843. From this time down to the year 1846, it appears that the defendant did not dispute his indebtedness to plaintiff; but on the contrary, repeatedly acknowledged it, and made partial payments. In 1846, however, when suit was brought, the defendant resisted their payment upon the ground that the notes originated in his transactions with *Lambeth* and *Thompson* as his factors, and that their accounts contained charges for usurious and compound interest, for which he was entitled to credit.

The counsel for the plaintiff has endeavored to establish in argument, and perhaps successfully, that the defendant would have been precluded by settlements from time to time, and imputations of payments, from any investigation of the disputed items of the accounts of *Lambeth* and *Thompson*, had they been plaintiffs in this cause. But we do not deem it necessary to enter into this inquiry. We think the defendant is estopped as regards *Jacobs* by his own acts and admissions, upon the faith of which he permitted *Jacobs* to act, and whose conduct, it is obvious, was influenced and controlled by a reliance upon them. The mere statement of the practical result of sustaining the defence pleaded is sufficient to illustrate its injustice. It would be to turn the plaintiff back for his indemnity, after an interval of several years, to *Lambeth* and *Thompson* alone, when the defendant's own admissions and promises had assured the plaintiff that he held the liability both of the maker and endorsers.

Judgment affirmed, with costs.